### No. 453

HATCHER et al v. NATIONAL COAL CO. No. 18360. Ohio Supreme Court Pending Case

On motion to direct Belmont Appeals to certify record. Docketed, 2 Abs. 115; motion overruled, 2 Abs. 227.

**MINING RIGHT—Under a conveyance of coal vein.**

On and prior to Nov. 3, 1920, the Hatchers were owners of and in possession of certain real estate embracing about 223 acres, excepting the No. Eight or Pittsburg vein of coal. On that date, they filed a petition in the Belmont Common Pleas charging that the Coal Co. unlawfully entered upon said real estate with teams, men and material; built roads over and across the same; made large excavations; constructed fills and cuts, for the purpose of building a railroad and deposited thereon several tons of earth, stone and debris. It further charged that by reason of the unlawful acts of the aforesaid, they have been deprived of the use of the land and a large part of the farm had been wholly destroyed for farming or other purposes. They pray for an order of restraining the Coal Co. from the acts aforesaid, and for damages of $10,000.

The Coal Co. filed an answer setting up that the ancestor of the Hatchers, July 10, 1917, conveyed to it, by deed of general warranty, the No. Eight vein of coal under said land together with the mining rights, and also the right to purchase at any time, so much of said land that may be necessary for railroad. mining, manufacturing, and marketing the coal at the price of $100 per acre, upon receipt of which deed was to be delivered. The Coal Co. also filed a motion to dissolve the temporary restraining order granted in the action, which was heard upon the papers and evidence in the case in open court, and thereupon the court dissolved the injunction and, upon hearing, the jury found in favor of the Coal Co. Thereupon the Hatchers appealed the case, and it was again heard in the Court of Appeals and decided in favor of the Coal Co.

The Coal Co. does not claim that the right to use and occupy the surface of the farm is implied from the ownership coal, but claim that the mining rights granted to it by the deed conveying the coal, assures them of tht right to occupy such part of the surface overlying the vein of coal as to it seems necessary for digging, mining and ventilating the mine under the stipulation of the deed granting it the right to purchase of said land at $100 per acre.

The records in the court shows that shortly after the Coal Co. went into possession, and committed tht acts charged in the petition, it demanded from the Hatchers about 8 acres, and offered to pay them for it, and afterwards paid the money therefor into the court.

The Hatchers claim that the mining right as expressed in the deed is too indefinite as to time and place, there being no description of the premises certain enough to enable one to identify them, and also that the contract embraced in the mining rights is violative of the rule against perpeuties, and is no more or less than an option to purchase, creating a future interest depending upon a contingency.

Attorneys—Thornberg & Lewis, and A. M. Kennon, St. Clairsville. for Hatchers; Charles S. Shepherd, Cambridge, for Coal Company.